```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT

CHRISTINE NAPOLITANO            :
                                :
                                :
v.                              :   CIV. NO. 3:09CV828 (TLM)
                                :
SYNTHES, INC¹                   :
                                :
                                :
                                :
```

## RULING ON PLAINTIFF'S PROPOSED FIFTH REQUEST FOR PRODUCTION

A telephone status conference was held on October 2, 2013, with the parties requesting a ruling on Item 1(g) contained in the April 8, 2013 Agenda. Considered by the Court is Synthes' Memorandum objecting to plaintiff's Fifth Document Production Request [doc. #108] dated April 23, 2013; plaintiff's Reply [doc. #112] dated May 1, 2013, and the parties' Joint Submission Re: Pending Discovery Motion. [Doc. #127]. Plaintiff's Supplemental Requests for Production ["Fifth Request for Production] dated August 21, 2012, were served on defendant on November 27, 2012, containing 69 requests.²

---

1 Defendant represents that Synthes USA Sales, LLC, is the proper defendant and will accept liability if Synthes, Inc. is determined to be liable. [Doc. #9; #54 at 1]. The Court will refer to defendant as Synthes.
2 The Fifth Request for Production and was provided to defendant on August 21 and served on November 27, 2012. [Doc. #127 1-2]. By

1

Defendant objects to plaintiff's Fifth Request for Production arguing in relevant part that:

- "Most if not all of the documents requested could have been included in previous document production requests."

- "Synthes has presented three 30(b)(6) witnesses for day-long depositions, two product development engineers, a sales consultant, two former Synthes employees, and two expert witnesses."

- "Synthes has responded to two sets of interrogatories and four document production requests, is in the process of responding to a request for admissions containing 275 requests, and has produced almost 4,000 pages of documents."

[Doc. #108 at 2].  Defendant did not offer specific objections to individual interrogatories.

In support of her motion, plaintiff argues that the Fifth Requests for Production, dated August 21, 2012, are based largely on deposition testimony of fourformer and current Synthes employees, namely Mark Michels, the engineer involved in the development of the locking reconstruction plate; Kim Coffey and Ted Kompa, the individuals in charge of product development for

---

email dated February 13, 2013, plaintiff withdrew Requests Nos. 8, 16, 32, 33, 40 and 55, as duplicative of other requests and stated that, "If the response to #44 of the 11/20/12 set is duplicative of a response to #13 of this same proposed set then a response stating this is satisfactory." Plaintiff further stated that, "#68 (last section only relating to complaint handling procedures) is withdrawn. . . ." [Doc. #108-1]. On May 1, 2013, plaintiff stated that, "some of the requests are summarily dealt with by the defendant by attesting that prior documents produced fully and accurately satisfy the request. These are requests numbered 8, 16, 32, 33, 40, 44, 55 and 68 in part." [Doc. #112 n. 1].

the locking reconstruction plate; and James McCracken, in charge of regulatory affairs at relevant times. These depositions were taken between June 26 and September 27, 2012. Plaintiff also included requests stemming from the depositions of 30(b)(6) witnesses James Hearn and Angela Sylvestri, taken on February 15 and March 29, 2012, respectively.

### Requests for Production Nos. 1-7; 9-14; 17-22; 24-31 and 34-35

Plaintiff appended excerpts of Mark Michels' June 26, 2012, deposition to support her contention that Request Nos. 1-7; 9-14; 17-22; 24-31 and 34-35 all stem from Michel's testimony. [Doc. #115 Ex. A]. Defendant did not respond to plaintiff's submission and offered no evidence beyond the argument set forth above. Upon careful review, the Court finds the requests are reasonably calculated to lead to the discovery of admissible evidence. Defendant will produce documents responsive to Request Nos. 1-7; 9-14; 17-22; 24-31 and 34-35. If there are no documents responsive to a request, defendant will state that in writing and under oath. If documents responsive to a request have already been produced, defendant will provide the Bates Stamp number(s). Defendant will produce the documents and/or written responses within twenty-one days.

### Requests for Production Nos. 42-43

Plaintiff appended excerpts of Kim Coffey's September 26, 2012, deposition to support her contention that Request Nos. 42-43 stem from Coffey's testimony. [Doc. #115, Ex B]. Defendant did not respond to plaintiff's submission and offered no evidence beyond the argument set forth above. Upon careful review, the Court finds the requests are reasonably calculated to lead to the discovery of admissible evidence. Defendant will produce documents responsive to Request Nos. 42-43. If there are no documents responsive to a request, defendant will state that in writing and under oath. If documents responsive to a request have already been produced, defendant will provide the Bates Stamp number(s). Defendant will produce the documents and/or written responses within twenty-one days.

### Requests for Production Nos. 45-54 and 56-57

Plaintiff appended excerpts of James McCracken's deposition to support her contention that Request Nos. 44-54 and 56-57 stem from McCracken's testimony. [Doc. #115, Ex. C]. Defendant did not respond to plaintiff's submission and offered no evidence beyond the argument set forth above. Upon careful review, the Court finds the requests are reasonably calculated to lead to the discovery of admissible evidence.

Defendant will produce documents responsive to Request Nos.

4

44-54 and 56-57. Request No. 45 is modified, to the extent that defendant will provide a list of cases where James McCracken was deposed while employed at Synthes, along with seat of court and case docket number, and a brief description of the subject matter of each case.  If there are no documents responsive to a request, defendant will state that in writing and under oath. If documents responsive to a request have already been produced, defendant will provide the Bates Stamp number(s). Defendant will produce the documents and/or written responses within twenty-one days.

### Requests for Production No. 58

Plaintiff appended excerpts of Theodore Kompa's September 27, 2012, deposition to support her contention that Request No. 58 stems from Kompa's testimony.  [Doc. #115, Ex. D]. Defendant did not respond to plaintiff's submission and offered no evidence beyond the argument set forth above. Upon careful review, the Court finds the request is reasonably calculated to lead to the discovery of admissible evidence. Defendant will produce documents responsive to Request No. 58. If there are no documents responsive to a request, defendant will state that in writing and under oath. If documents responsive to a request have already been produced, defendant will provide the Bates Stamp number(s). Defendant will produce the documents and/or written responses within twenty-one days.

### Requests for Production Nos. 37-38

Plaintiff appended excerpts of 30(b)(6) witness Ann Silvestri's March 29, 2012, deposition to support her contention that Request Nos. 37-38 stem from Silvestri's testimony. [Doc. #115, Ex. E]. Defendant did not respond to plaintiff's submission and offered no evidence beyond the argument set forth above. Upon careful review, the Court finds the requests are reasonably calculated to lead to the discovery of admissible evidence. Defendant will produce documents responsive to Request Nos. 37-38. If there are no documents responsive to a request, defendant will state that in writing and under oath. If documents responsive to a request have already been produced, defendant will provide the Bates Stamp number(s). Defendant will produce the documents and/or written responses within twenty-one days.

### Requests for Production Nos. 59-60

Plaintiff appended excerpts of 30(b)(6) witness James Hearn's February 15, 2011, deposition to support her contention that Request Nos. 59-60 stem from Hearn's testimony. [Doc. #115, Ex. F]. Defendant did not respond to plaintiff's submission and offered no evidence beyond the argument set forth above. Upon careful review, the Court finds the requests are reasonably calculated to lead to the discovery of admissible evidence. Defendant will produce documents responsive to Request Nos. 37-38. If there are no documents responsive to a request, defendant

will state that in writing and under oath. If documents responsive to a request have already been produced, defendant will provide the Bates Stamp number(s). Defendant will produce the documents and/or written responses within twenty-one days.

### Requests for Production Nos. 15, 23, 36, 39, 41 and 61-69

Defendant did not respond to these requests or the arguments contained in plaintiff's motion and offered no evidence beyond the argument set forth above. Upon careful review, the Court finds the requests are reasonably calculated to lead to the discovery of admissible evidence. Defendant will produce documents responsive to Request Nos. 15, 23, 39, 41 and 61-69. If there are no documents responsive to a request, defendant will state that in writing and under oath. If documents responsive to a request have already been produced, defendant will provide the Bates Stamp number(s). Defendant will produce the documents and/or written responses within twenty-one days.

Request for Production No. 36 is **DENIED** absent a showing that these documents are necessary, other than to show a criminal conviction for purposes of impeachment.

### Requests for Production Nos. 8, 16, 32, 33, 40, 44, 55

Requests for Production Nos. 8, 16, 32, 33, 40, 44, 55 and

7

the part of Request No. 68 relating to complaint handling procedures are **WITHDRAWN** as duplicative.

## CONCLUSION

Defendant's Motion to Quash Plaintiff's Fifth Request for Production **[Doc. #108]** is **GRANTED** in part and **DENIED** in part in accordance with this ruling. Defendant will produce the required documents and/or written responses within twenty-one days.

If defendant makes a privilege claim, it must be made at the time the responses are due and in compliance with Fed. R. Civ. P. 26(a)(5)(A) and D. Conn. L. Civ. R. 26(e).

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 24th day of October 2013.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE