UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHRISTINE NAPOLITANO     :
             :
             :
v.            :  CIV. NO. 3:09CV828 (TLM)
             :
SYNTHES USA, LLC      :
             :
             :
             :

**DISCOVERY RULING**

This is a product liability case involving a medical implant device called a locking reconstruction plate ("LRP"), designed for use on the human jaw.[1] [Amend. Compl. Doc. #188]. Plaintiff alleges that defendant negligently and recklessly manufactured and sold the plate; failed to provide adequate warnings/instructions; and breached an implied warranty of merchantability and express warranties. Conn. Gen. Stat. §52-572m, et seq. [Doc. #188].  As a result of a fractured plate, plaintiff alleges she suffered an exacerbation of her pre-existing mandibular condition, suffered and continues to suffer emotional distress, pain and suffering, and has incurred medical and hospital expenses for the replacement of this defective plate and the consequential medical care arising therefrom. [Doc. #188 at ¶¶7-10].

---

[1] Plaintiff's Second Motion for Leave to Amend the Complaint was granted on January 27, 2014. [Doc. ##188, 194].

1

The plate at issue was sold by Synthes on August 4, 2003; implanted in Ms. Napolitano on May 1, 2006; and fractured approximately six weeks later. [Doc. #188 at ¶3]. On July 27, 2007, plaintiff underwent surgery to replace it. Id. at ¶4.

Pursuant to the Court's order dated October 29, 2013, [doc. #131], plaintiff filed a Motion to Determine Sufficiency of Synthes' Responses to Requests for Admissions **[Doc. #146]** and Motion to Compel Production **[Doc. #147]**, also referred to as omnibus discovery motions, to wrap-up all outstanding discovery issues.  Oral argument was held on January 13, 2014.

## Motion to Determine Sufficiency of Synthes' Responses to Requests for Admissions  [Doc. #146]

Pending are plaintiff's Requests for Admission ("RFA"), dated April 30, 2012 and October 2, 2013. Defendant served its responses on May 10, 2013, and January 9, 2014. [Doc. #161]. The matter was briefed and is ripe for decision. [Doc. #146, 161].

## Requests for Admission dated April 30, 2012

Outstanding are RFAs Nos. 71, 74, 77, 81, 134, 145, 149, 156-58, 168, 170, 198, 205-06, 214-15, 219-20, 224-25, 230-32, 236-38, 242-44, 246, 248, 251, 253, 261, 264, 266, 269, and 270-75.  At oral argument, plaintiff withdrew RFA Nos. 106, 139, and 169. Defendant "acknowledges that it erroneously denied that the

exhibit document described in admission request No. 121 could be imputed to Synthes, and will serve an amended response stating that Synthes, through Mr. Simpson, a former Synthes employee, had knowledge of the contents of the document." [Doc. #161 at 2].

## Imputed Corporate Knowledge from Synthes Documents

Most of the RFAs at issue relate to requests asking defendant to admit or deny imputed corporate knowledge from Synthes documents.  These are RFAs Nos. 71, 74, 77, 81, 134, 145, 156-158, 168, 170, 198, 205-06, 214-15, 219-20, 224-25, 230-32, 236-38, 242-244, 248-53, 261, 266.

## -Documents Where No Synthes Employee is Identified

Defendant states that many of the RFAs relate to documentary exhibits for which no Synthes employee is identified as an author or recipient.  These are RFAs Nos. 71, 74, 77, 81, 134, 145, 156-58, 168, 170, 198, 248, 253, 261, and 266. "Consequently, it impossible to tell which Synthes employee(s) had knowledge of the documents, and whether such employee(s) had power to bind Synthes or had a duty to give information to Synthes. All but one of the Synthes employees who were identified in exhibits to admission requests as recipients of

3

documents have been deposed, but none were questioned regarding the scope of their authority with respect to such documents. " [Doc. #161 at 2]. The documents referenced in these RFAs were appended as defendant's Ex. 1 to its opposition to plaintiff's motion and were reviewed by the Court. [Doc. #161, Ex. 1].

Plaintiff contends that "Synthes' admission that its employees knew of these documents, while denying that such knowledge may be imputable to Synthes is disingenuous  . . . in particular, each [response] stated a conclusion but did not detail which employee knew, or what their job responsibilities were, and Synthes does not explain why any particular employee's notice or knowledge is not within the scope of his employment or should not be imputed to it." [Doc. #146 at 6].  The Court is perplexed how Synthes could provide this information in a response to these RFAs when none of the documents identify an author or recipient. Accordingly, the parts of the response denying imputation of knowledge to Synthes are sufficient as to RFAs Nos. 71, 74, 77, 81, 134, 145, 156-58, 168, 170, 198, 247-48, 253, 261, and 266.

## -Documents Where a Synthes Employee is Identified

RFP Nos.  205-06 (Stephen Bresina and Mark Michels); 214-15 (David Wheatley and Bryan Griffiths); 219-20 (David Wheatley and Bryan Griffiths); 224-25 (" Acknowledgment Synthes Product

Development Team B. Griffiths, Maxillofacial PD, S Lawrence, Mechanical Testing and D. Wheatley, Mechanical Testing"); 230-32 (Ron Baulista, Charles Beale, Cal Stewart, Ross Hamel); 236-38 (Ron Baulista, Charles Beale, Darrin M. Chastain, Drew DiStefano, Ross Hamel); and 242-44 (Darrin M. Chastain, Cal Stewart) reference documents which identify one or more Synthes employees.

Defendant states that none of the employees deposed by plaintiff were queried on their scope of employment and their ability to bind the corporation and this information is not properly provided in a denial of an RFA under the Rule.[2] Defendant contends that most of the documents relate back to the 1990s, and some of the employees are no longer employed by Synthes. Plaintiff has made no showing that these individuals are current Synthes employees or that the information is within defendant's control. T. Rowe Price Small-Cap Fund, Inc. v. Oppenehimer & Co., Inc., 174 F.R.D. 38, 43 (S.D.N.Y. 1997)

---

[2] Plaintiff seeks an order that the Court deem the RFAs admitted or Synthes should be ordered to "admit that the knowledge of the employees, identified in the exhibits cited to in the RFA, is imputed to Synthes"; or "(in those instance where Synthes continues to deny imputation of its employees' knowledge) to identify the employee that had the knowledge, the scope of this employee's responsibilities, whether the employee acquired the knowledge within the scope of his responsibilities, and why Synthes claims this knowledge is not imputed." [Doc. #146 at 7-8].

("Generally, a 'reasonable inquiry' is limited to review and inquiry of those persons and documents that are within the responding party's control.").

"While the basic purpose of discovery is to elicit facts and information and to obtain production of documents, Rule 36 was not designed for this purpose.  Instead, requests for admission are used to establish admission of facts about which there is no real dispute."  7 James Wm. Moore, Moore's Federal Practice, §36.02[1]  at 36-5 (3d ed. 2012); T. Rowe Price Small-Cap Fund, Inc., 174 F.R.D. at 42 ("Rule 36 is not a discovery device.").  If the responding party intends to deny a portion of a requested admission, it must so state, and must "specify so much of it as is true and qualify or deny the remainder." Fed. R. Civ. P. 36(a).

Here, defendant denies that "such knowledge is imputable to Synthes," rather than stating that after a 'reasonable inquiry' it lacks information necessary to admit or deny the request. Synthes may not give lack of information or knowledge as a reason for failure to admit or deny unless it has made such inquiry. T. Rowe Price Small-Cap Fund, Inc., 174 F.R.D. at 43 (citations omitted);  Al-Jundi v. Rockefeller, 91 F.R.D. 590, 594 (W.D.N.Y. 1981)("Because rule 36 admission requests serve the highly desirable purpose of eliminating the need for proof

6

of issues upon trial, there is a strong disincentive to finding an undue burden [in responding] where the responding party can make the necessary inquiries without extraordinary expense or effort . . . .”).  “[A]s set forth in Rule 36, the responding party need only make ‘reasonable’ efforts to secure information that is ‘readily obtainable.’ Generally, a ‘reasonable inquiry’ is limited to review and inquiry of those persons and documents that are within the responding party’s control.” T. Rowe Price Small-Cap Fund, Inc., 174 F.R.D. at 43 (citations omitted). “This is more than simply a technical pleading requirement. Rather it reflects the obligation of a party to make a reasonable effort to obtain information needed to respond to the request.”  Beberaggi v. New York City Transit Authority, No. 93 Civ. 1737 (SWK), 1994 WL 18556, at *5 (S.D.N.Y. Jan. 19, 1994)(citation omitted). “Furthermore, even if defendant had only partial information, it was required to respond to the extent it could.” Id. (citations omitted). If the former employees were deposed, “defendant must consider their deposition testimony in responding to the requests.” T. Rowe Price Small-Cap Fund, Inc., 174 F.R.D. at 43 (citations omitted); Al-Jundi, 91 F.R.D. at 594 (“The proper course is to make reasonable efforts to obtain the requested information and, in accord with the plain language of rule 36, respond that such inquiry has been made and that the information readily

7

obtainable is insufficient to enable admission or denial.").  On
the other hand, the Court cannot accept plaintiff's position
that defendant must admit as true matters that may be outside
defendant's knowledge, and as to which there may be other
evidence or no evidence at all.  "It must be observed that Rule
36(a)(4) requires responses to 'set forth in detail the reason
why the answering party cannot truthfully admit or deny the
matter.' Hence, if [Synthes] conclude[s] as to any admission
request received already or in the future in this litigation
that the burden of responding to the request is greater than
[it] should reasonably have to bear, the answer must state
specifically what efforts have been made or why reasonable
efforts would be unavailing to obtain the requisite knowledge."
Al-Jundi, 91 F.R.D. at 594.

     Accordingly, keeping in mind the Court's ruling, defendant
will amend the portion of its responses to RFP Nos. 205-06
(Stephen Bresina and Mark Michels); 214-15 (David Wheatley and
Bryan Griffiths); 219-20 (David Wheatley and Bryan Griffiths);
224-25 (" Acknowledgment Synthes Product Development Team B.
Griffiths, Maxillofacial PD, S. Lawrence, Mechanical Testing and
D. Wheatley, Mechanical Testing"); 230-32 (Ron Baulista, Charles
Beale, Cal Stewart, Ross Hamel); 236-38 (Ron Baulista, Charles
Beale, Darrin M. Chastain, Drew DiStefano, Ross Hamel); and 242-

44 (Darrin M. Chastain, Cal Stewart), which deny "that such knowledge is imputable to Synthes."  Defendant's responses are due in twenty-one days.


## Requests for Admission Nos. 106, 139, 149, 169, 246, 251, 264, 269, 270, and 272-75

Plaintiff argues defendant's responses to RFA Nos. 106, 139, 149, 169, 246, 251, 264, 269, 270, and 272-75 are insufficient.

Keeping in mind the Court's ruling above, defendant will make a "reasonable inquiry"  and state specifically what efforts have been made or why reasonable efforts would be unavailing to obtain the requisite knowledge in amended responses to RFA Nos. 106, 139, 149, 169, 246, 251 and 264.  Where a RFA references an exhibit that was not prepared by a Synthes employee, defendant should identify the document (e.g. prepared by other orthopedic device manufacturer), in its response. For example, the Court notes that RFA No. 106 involves meeting notes with a footer, "M. Michels. " A reasonable inquiry should be made regarding the three pages at issue and described in an updated response with specificity.  Where a RFA references an exhibit that is a handwritten note or contains handwritten notes, defendant will

state what reasonable efforts were made to identify the person(s) who authored the writing or made the notation.

Keeping in mind the Court's ruling above, defendant will admit or deny RFP Nos. 269, 271, 274 without qualification, unless the information readily obtainable is insufficient to enable admission or denial.

Plaintiff's objections to defendant's response to RFP. Nos. 270, 272 and 273 are **OVERRULED.**

Regarding RFA No. 275, plaintiff failed to include all of defendant's response in her motion. [Doc. #146 at 11].[3] Nevertheless, the Court agrees that the request is vague and ambiguous as to "began to market" and "simulated or actual use testing." "Requests for Admission should be simple and direct." 7 James Wm. Moore, Moore's Federal Practice, §36.10[6], at 36-24 (3d ed. 2012).  If defendant's omitted response is "Synthes performed or relied upon appropriate testing for the LRP, and Admits that Synthes complied with all FDA regulations related to FMP and QSR regulations" as set forth in defendant's response to

---

[3] RFA No. 275: At the time that Synthes began to market the 449 Series Locking Reconstruction Plate, Synthes was not aware of any simulated or actual use testing that had been performed on the 449 Series Locking Reconstruction Plate.

SYNTHES RESPONSE: Objection. This request is vague and ambiguous without definition of the term "simulated or actual use of testing." Without waiving this objection,"

RFA No. 274, then defendant should admit or deny RFA No. 275, "At the time that Synthes began to market the 449 Series Locking Reconstruction Plate, Synthes was not aware of any simulated or actual use testing that had been performed on the 449 Series Locking Reconstruction Plate," without qualifying its response.

### Second Request for Admission dated October 2, 2013

Defendant's objections are **OVERRULED**. Defendant will amend its response to RFA Nos. 1-3, admitting or denying the RFAs. Defendant's amended response is due within twenty one days.

Plaintiff's request for sanctions and/or leave to conduct further depositions is **DENIED**.

## Motion to Compel Production [Doc. #147]

### Attestation

Defendant states that the  only issue to be determined with regard to plaintiff's Second Document Production Request dated June 22, 2011; Third Document Production Request dated December 8, 2011; and Fourth Document Request dated February 22, 2013 is whether the supplementation should be sworn under oath.  [Doc. #160 at 3-4].4

---

4 The Court notes that defendant's count of the number of requests to produce differs from plaintiff's count. The Court is

Synthes states that it has "consistently taken the position that Rule 34 of the Federal Rules of Civil Procedure does not require attestation for responses to document production requests." [Doc. #160 at 3-4, citing State Farm Mutual Automobile Ins. Co. v. New Horizon, Inc., 250 F.R.D. 203, 222 (E.D. Pa 2008) ("unlike Rule 33(b), Rule 34(b) does not require a party's response to a document request to be verified by the party.") (emphasis provided by defendant)).  While this is generally true when responsive documents are produced, a response that all documents have been produced does require attestation.  "When a party claims that the requested documents have already been produced, it must indicate that fact under oath in response to the request.  Nevertheless, if the party fails to make a clear and specific statement of such compliance under oath, the court may order it to produce the documents." Colon v. Blades, 268 F.R.D. 129, 132-33 (D.P.R. 2010) (citing Rayman v. Am. Charter Fed. Savings & Loan Ass'n, 148 F.R.D. 647, 651 (D. Neb. 1993);   Vasquez-Fernandez v. Cambridge College, Inc., 269 F.R.D. 150, 154 (D.P.R. 2010) ("[W]hen a response to a production for documents is not a production or an objection, but an answer, the party must answer under oath."); Rayman v. Am. Charter Fed. Savings & Loan Ass'n, 148 F.R.D. 647, 651 (D.

_____

guided by the date of the requests.

Neb. 1993) ("The [Advisory Committee] comment to [Rule 34] above indicates that in such a situation [where the defendant responded by stating that the documents had been produced], the proper procedure for making the response is mandated by Rule 33, which requires responses by the party under oath.")); Fed. R. Civ. P. 34 (Advisory Committee Notes, 1970 Amend. Sub.(b) ("The procedure provided in Rule 34 is essentially the same as that in Rule 33 as amended . . . .").

Defendant's objection is **OVERRULED**. It is hereby **ORDERED** that Synthes' responses to RFP, if the response is that all document have been produced, be filed under oath.

### Reported Resolved

Plaintiff reported the following requests <u>will be</u> resolved by the Requests for Admission dated January 14, 2014, <u>if</u> admitted or denied by defendant.[5]  Defendant's response is due

---

[5] As to plaintiff's Supplemental Request for Production dated June 22, 2011, Request for Production ("RFP") No. 40; Supplemental Interrogatories and Request for Production dated December 8, 2011, RFP Nos. 1, 3, 4; Supplemental Request for Production dated February 22, 2012, RFP nos. 2, 3, 6, 8, 10, 13 and 15; and Supplemental Request for Production dated April 19, 2012, RFP Nos. 1-17, 19, 20, 22, 25-27 and 31-33, RFA dated January 14, 2014, No. 1 asks defendant to admit, "Synthes has performed a diligent search, including a search of computer stored data, and queried all appropriate individuals and attests under oath that all responsive documents within its possession or control have been produced." As to Supplemental Request for Production dated April 19, 2012, RFP Nos. 2, 7, 11, 15, 16, 19 and 25, RFA No. 2 dated January 14, 2014, asks defendant to

on or before February 10, 2014.

  I.   Plaintiff's Supplemental Request for Production dated June
       22, 2011, Request for Production ("RFP") No. 40;

 II.   Plaintiff's Supplemental Interrogatories and Request for
       Production dated December 8, 2011, RFP Nos. 1, 3, 4;

III.   Plaintiff's Supplemental Request for Production dated
       February 22, 2012, RFP nos. 2, 3, 6, 8, 10, 13 and 15;

 IV.   Plaintiff's Supplemental Request for Production dated April
       19, 2012, RFP Nos. 1-17, 19, 20, 22, 25-27 and 31-33 and
       Nos. 2, 7, 11, 15, 16, 19 and 25;

  V.   Plaintiff's Supplemental Request for Production dated
       November 27, 2012, 1-4, 6, 7, 10-12, 14, 15, 17, 18, 20,
       22-26, 28-31, 34, 37, 41, 42, 47 and 57.

---

admit, "Synthes has undertaken a further review of plaintiff's
Requests for Production dated 4/19/12 and performed a diligent
search, including a search of computer stored data, and attests
under oath that all responsive documents within its possession
or control have been produced."  As to Supplemental Request for
Production dated November 27, 2012, RFP Nos. 1-4, 6, 7, 10-12,
14, 15, 17, 18, 20, 22-26, 28-31, 34, 37, 41, 42, 47 and 57, RFA
No. 3 dated January 14, 2014, asks defendant to admit, "Synthes
has reviewed plaintiff's Requests for Production dated November
27, 2012, and has performed a diligent search, including a
search of computer stored data, and queried all appropriate
individuals and attests under oath that all responsive documents
within its possession or control have been produced."

**Plaintiff's Fifth Request for Production dated August 21,**
**2012, and served on November 27, 2012**

Plaintiff's Fifth Request for Production dated August 21,
2012, was served on November 27, 2012. While the Court is aware
that defendant contends that plaintiff's undocketed Motion for
Permission to File Additional Request for Production dated
November 27, 2012, [doc. #130-1], means that Synthes was not
properly served with the document request, there is no dispute
that defendant was provided with a copy of the Fifth Request for
Production as early as August 2012 and November 2012. As set
forth below, there can be no dispute that the issue of whether
to permit service of the Fifth Request for Production dated
August 21, 2012, has been part of an ongoing dialogue in several
discovery conferences and significant judicial resources have
been devoted to mediating the parties' disputes and trying to
work out resolution of this RFP as well as other discovery
issues through meet and confer and intervention by the Court.

Outstanding are RFP Nos. 5, 9, 13, 19, 21, 27, 35, 38, 39,
43, 45, 46, 48-54, 56, and 58-69. [Doc. #147 at V, page 13-49,
Ex E]. The following background is relevant to the determination
of the outstanding requests.[6]

---

[6] It is difficult not to conclude from this history that a
tremendous amount of judicial resources has been expended to
mediate the parties' disputes, imposing considerable expense on
the parties. Discovery has been unnecessarily delayed and

- On August 21, 2012, plaintiff provided defendant with her Fifth Request for Production.

- Plaintiff's Fifth Request for Production was served on defendant on November 27, 2012.

- The Fifth Request for Production dated August 21, 2012, was attached to the parties' Joint Agenda dated November 27, 2012, along with a Motion for Permission to File Additional Request for Production on the defendant Synthes dated November 27, 2012, and a Notice of Service dated November 27, 2012. A copy of Plaintiff's Supplemental Requests for Production dated August 21, 2012, was attached to the Notice of Service. See Doc. #130 at 1. Plaintiff's Motion for Permission to File was never docketed by her counsel.

- Discovery conferences were held on November 29 and December 10, 2012, to discuss outstanding discovery disputes, including the issues listed on the parties' Joint Agenda dated November 27, 2012. [Doc. ##79, 82].

- On January 4, 2013, the Court addressed defendant's argument that many of the requests contained in the FRPs dated August 21, 2012 were duplicative of earlier

---

protracted over matters that could have and should have been resolvable by counsel through a meet and confer and without delay.

requests.   The Court ruled,

> Defendant represented that it provided all
> design history and development documents.
> Plaintiff will serve an omnibus request for
> admissions and ask if defendant has complied
> with the requests for production.   The Court
> is receptive to plaintiff wanting
> confirmation that the previous requests for
> production have been responded to. However,
> the Court is not inclined to permit
> duplicative requests which may be a lot of
> work for little gain. Any renewal of this
> issue will require a showing of good cause.

[Doc. #83 at 4].

- February 12, 2013, Email: By email dated

  February 12, 2013, and during oral argument on

  April 10, 2013, plaintiff withdrew RFP Nos. 8,

  16, 32, 33, 40, 44, 55 and 68 in part, as

  duplicative of other requests.[7] [Doc. #108, Ex.

---

[7] Plaintiff's counsel stated he reviewed the
Fifth Request for Production dated August 21,
2012, and was "not able to reduce them to an
RFA; however if you believe prior answers to
other RFPs provide a full and accurate response
to one or more of the RFPs then you may state
that and identify which documents previously
produced comply by bate stamp number." [Doc.
#108, Ex. 1; Doc. #160, Ex. 10]. Regarding
duplicative RFP, plaintiff stated that after
review of the prior RFP, there were some that
were duplicative and would not be pursued
provided that defendant state that its prior
response "fully and accurately answers the
proposed RFP of the 11/2012 set." This response
from defendant would resolve RFP Nos. 8, 16, 32,
33, 40, and 55. Plaintiff added that if "the
response to #44 of the 11/2012 set is
duplicative of a response to #13 of this same

1; Doc. #109 at 70:21-71:7; Doc. #129, n.1; Doc.
#160 at Ex. 10].

- On April 8, 2013, the parties submitted a Joint
  Agenda to the Court in advance of a status
  conference, listing all the pending discovery
  motions and outstanding issues.

- A status conference was held on April 10, 2013,
  on the record. [Doc. ##109. 116]. Agenda item
  1(g) addressed the Fifth Request for Production
  dated August 21, 2012.[8] During the status
  conference, plaintiff's counsel sought leave to
  serve the Fifth Request for Production dated
  August 21, 2012. He stated that since the last

---

proposed set then a response stating this is
satisfactory." <u>Id.</u> Plaintiff withdrew RFP No. 68
(as to the last section only relating to
complaint handling procedures), stating
defendant previously provided a response with
regard to complaint handling procedures in RFP
No. 16 of the June 2011 set. Finally, as to all
the other requests, plaintiff was seeking a
response from defendant as to all other requests
not addressed in this e-mail. <u>Id.</u>

[8] 1(g) states, "Plaintiff has reviewed her proposed Requests for
Production dated November 27, 2012 and has identified the few
that she considers duplicative of prior requests and those that
she will withdraw. These have been communicated to the defendant
by email dated February 12, 2013. As to the balance of the
Requests for Production plaintiff has determined that these are
not suitable for a Request for Admission and therefore request
the court's permission to submit these requests. **Defendant
Update (4/8/13):** Defendant will continue to object."

conference with the Court, he had looked at each
RFP and compared them to prior RFPs to make sure
they were not duplicative or cumulative and was
able to withdraw RFPs Nos. 8, 16, 32, 33, 40,
44, 55, and 68. [Doc. #109, Tr. at 68-70]. With
regard to RFP No. 44, all he needed from
defendant was verification that defendant would
produce the documents "as part of the master
supplemental compliance." [Doc. #109 at 71:6-
7]. In support of "good cause" to permit the
Fifth Requests for Production, plaintiff argued
that the new requests were necessitated by the
corporate representative testimony of Angela
Silvestri (depo. 3/29/12), Mark Michels (depo.
7/12/12), Ted Kompa (Depo. 9/27/12), James
McCracken (Depo. 8/28/12), 9/26/12), Kim Coffey
(Depo. 9/26/12), and James Hern (second review
of Depo. 2/15/11). [Doc. #109 67:4-68:24; 71:9-
72:7]. Plaintiff continued, "if we're able to
get follow-up along the lines that were
discussed today . . . allowed to submit and
provided with responses to these supplemental
requests for production which, by the way, were
not taken lightly . . . [they] were specific,

19

very specific to documents, . . . that were
mentioned in the deponents' depositions" . . .
that we are getting to the close of the
discovery process." Id. at 73:21-74:12.
Defendant argued, based on the Court's ruling in
July 2012, that plaintiff had the burden of
showing "good cause" for any further requests
for production. Id. at 72:15-73:4. "I simply
object to them, basically under the grounds of
enough is enough, and it's very burdensome to
respond to these multiple requests, and having
to do another 60 is-would not only be
burdensome, but it's going to –will take
significantly longer than the normal period of
time that's allowed by the rules to respond."
Id. at 72:22-73:4]. Defendant sought leave to
brief its position on the Fifth Request for
Production, "to file a very short response. I
didn't bring the material I needed to
effectively argue that today." Id. at 76:1-7. A
briefing schedule was set with the agreement of
counsel.  Id. at 76-77.

- In a ruling dated April 29, 2013, the Court
  noted that decision on item 1(g) of the parties

April Joint Agenda was deferred by agreement.
[Doc. #110 at 4].

- On April 23, 2013, "Synthes Memorandum Re: Fifth
  Document Production Request" was filed. [Doc.
  #108].[9] After recounting the discovery produced
  by the defendant to date, defendant stated it
  "has already produced all documents that could
  possibly [be] relevant to plaintiff's claims,
  along with thousands of pages of documents that
  are likely irrelevant. Synthes should not have
  to bear the internal administrative expense and
  external legal expense of responding to an
  additional document production request." [Doc.
  #108 at 2-3].  "Simply stated 'enough is
  enough'." Id. at 2.

- Plaintiff filed a response on May 1, 2013. [Doc.
  #112]. Plaintiff reiterated that the Fifth
  Request for Production dated August 21, 2012,
  was based largely on the deposition testimony of
  Synthes employees and former employees, which
  were conducted between June 26 and September 27,

_____

9 Defendant's memorandum set forth the parties' efforts to raise
this issue during a discovery conference on November 29, 2012,
and during a telephonic discovery conference on December 10,
2012. [Doc. ##79, 82].

2012. [Doc. #112 at 2-3]. As to the remaining RFPs, plaintiff supported her requests with case law and specified why the requests were "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

- Defendant did not file a reply brief.

- On October 2, 2013, a status conference was held to consider, among other things, defendant's ongoing objection to plaintiff's Supplemental Requests for Production dated August 21, 2012, which contained sixty-nine requests. [Doc. #108, Ex. 1; Doc. #120; Doc. #129]. The parties were directed to resubmit the materials for which the Court's consideration had been deferred [Item 1(g) of the parties Joint Agenda for Court Conference dated April 8, 2013]. Defendant did not seek leave to file a supplemental brief or reply to plaintiff's May 1, 2013, memorandum.

- Defendant's "Motion to Quash Plaintiff's Fifth Request for Production," [doc. #108], was referred to the undersigned for a decision by Judge Melancon on October 16, 2013. [Doc. #126].

- A Joint Submission RE: Pending Discovery Motion

was filed on October 17, 2013, setting forth the universe of documents the Court needed to consider to render a decision on defendant's objections to the Fifth Request for Production dated August 21, 2012. [Doc. #127]. Specifically, the parties stated that the "matter was fully briefed" and referred the Court to Synthes' Memorandum dated April 23, 2013 and plaintiff's Reply dated May 1, 2013. [See Doc. #127 at 2-3, citing Doc. #108, 112]. Defendant did not seek leave to file a supplemental brief or reply to plaintiff's May 1, 2013, memorandum.

- A ruling was filed on October 24, 2013, granting in part and denying in part defendant's Motion to Quash. As noted in the ruling, defendant did not offer specific objections to the individual requests. [See Doc. #129]. Rather, Synthes argued generally that: (1) "Most if not all of the documents requested could have been included in previous document production requests;" (2) "Synthes has presented three 30(b)(6) witnesses for day-long depositions, two product development engineers, a sales consultant, two

former Synthes employees, and two expert
witnesses;" and (3) "Synthes has responded to
two sets of interrogatories and four document
production requests, is in the process of
responding to a request for admissions
containing 275 requests, and has produced almost
4,000 pages of documents." [See Doc. #129 at 2,
citing Doc. #108 at 2].  For the reasons stated
in the opinion, the Court granted all the
requests in full except for No. 45, which was
modified; No. 36, which was denied; and No. 38,
which was withdrawn. Additionally, the Court
ruled that, "[i]f there are no documents
responsive to a request, defendant will state
that in writing and under oath. If documents
responsive to a request have already been
produced, defendant will provide the Bates Stamp
number(s)." [Doc. #129 at 3-7].

- On October 25, 2013, defendant filed a Motion
  for Reconsideration, stating the "grounds for
  this motion are that the ruling incorrectly
  characterized the issue as a motion to quash,
  and appeared to rely upon the failure of Synthes
  to respond to a reply brief filed by plaintiff."

24

[Doc. #130 (emphasis added)]. Rather, defendant contended, the "issue before the Court, . . . was plaintiff's motion for leave to serve additional written discovery. Synthes never filed a motion to quash or any other type of motion regarding the proposed fifth document production request."  "The significance of the mischaracterization of plaintiff's motion as a defense motion is evident from the following statement, which appears seven times in the Court's ruling: 'Defendant did not respond to plaintiff's submission and offered no evidence beyond the arguments set forth above.' It appears that the failure of Synthes to respond to 'plaintiff's submission' was the primary basis for the Court's ruling."  [Doc. #130 at 2].

- Defendant did not comply with the Court's October 24 Order that, "[i]f there are no documents responsive to a request, defendant will state that in writing and under oath. If documents responsive to a request have already been produced, defendant will provide the Bates Stamp number(s)." [Doc. #129].

- On October 29, the Court granted defendant's Motion for Reconsideration, stating "the issues raised by defendant will be addressed in a discovery motion that will address plaintiff's Fifth Request for Production . . . ." [Doc. #131].

- On November 19, 2013, defendant served a "Supplemental Objection to Seventh Document Production Request" a/k/a "plaintiff's Fifth Production Request." [Doc. #147 Ex. E]. The objection addressed each document production request as well as providing five general objections.


## DISCUSSION

As a preliminary matter, Court finds that plaintiff's May 1, 2013, "reply brief" [doc. #112], establishes "good cause" for service of the Fifth Request for Production dated August 21, 2012.  Plaintiff's November 27, 2012 Motion for Permission to Serve the Fifth Request for Production is **GRANTED**. See Doc. #130-1]. In an excess of caution, the Court rules on RFPs that may be resolved by answers to plaintiff's Requests for Admissions dated January 14, 2014.

**Requests for Production Nos. 1-7; 9-14; 17-22; 24-31; 34-35, 40 and 69**

Request Nos. 1-7; 9-14; 17-22; 24-31; 34-35; 40 and 69 refer to documents described in the deposition of Mark Michels. [Doc. #115 Ex. A]. The Court finds the requests are reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Defendant responds that the documents responsive to these requests have already been produced and, "Synthes has no method to definitively identify responsive documents described by an employee who has not worked at the company for eight years." [Doc. #147 Ex. E ¶1 (general objection No. 1)]. Defendant will produce documents responsive to Request Nos. 1-7; 9-14; 17-22; 24-31; 34-35; 40 and 69.  If there are no documents responsive to a request, defendant will state that in writing and under oath. If documents responsive to a request have already been produced, defendant will provide the Bates Stamp number(s). Defendant will produce the documents and/or written responses within twenty-one days.

**Requests for Production Nos.  44-54 and 56-57 and 69**

Request Nos. 45-54; 56-57 and 69 relate to documents referred to in the deposition of James McCracken.  [Doc. #115, Ex. C]. RFP No. 44 has been withdrawn. [Doc. #147 at 16]. The

Court finds the requests are reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Defendant responds that the documents responsive to these requests have already been produced and, "Synthes has no method to definitively identify responsive documents described by an employee who has not worked at the company for eight years." [Doc. #147 Ex. E ¶¶1, 2 (general objections No. 1 and 2)].

Defendant will produce documents responsive to Request Nos. 45-54 and 56-57. Request No. 45 is modified, to the extent that defendant will provide a list of cases where James McCracken was deposed while employed at Synthes, along with seat of court and case docket number, and a brief description of the subject matter of each case.  If there are no documents responsive to a request, defendant will state that in writing and under oath. If documents responsive to a request have already been produced, defendant will provide the Bates Stamp number(s). Defendant will produce the documents and/or written responses within twenty-one days.

## Requests for Production Nos. 8, 63 and 64

Defendant objects to RFPs Nos. 63 and 64. Request for Production No. 8 has been withdrawn. [Doc. #147 at 16].  Synthes contends that the parties have already briefed the issue of admissibility of AO documents, and the Court denied the request.

28

[Doc. #147, Ex. E, ¶3; Doc. #69 at 12]. Defendant

misstates/misrepresents the Court's ruling on the "admissibility

of AO documents."    RFP No. 40, ruled on by the Court on July

30, 2012, requested production of "a copy of the educational

materials created/published/promulgated by AO pertaining to the

Synthes 2.4 titanium locking reconstruction plate as identified

by Brian Griffiths during his deposition." [Doc. #169 at 12].

The Court ruled,

> Defendant will contact Mr. Griffiths and ask him
> whether he has any AO materials pertaining to the
> Synthes 2.4 mm titanium locking reconstruction
> plate and the date(s) of the materials, and
> provide this information to plaintiff during the
> meet and confer.  Accordingly, RFP No. 40 is
> DENIED on this record. Plaintiff may renew her
> request at the case management conference. Any
> renewal of this RFP should be included on the
> Joint Agenda or the request will be deemed
> waived.

[Doc. #169 at 12]. Accordingly, defendant's objection

on the basis that the Court already ruled on the

documents' admissibility is **OVERRULED**.

Defendant also objects on the grounds that plaintiff "could

have, but chose not to, pursue discovery directly from the AO.

Under these circumstances, plaintiff had ample opportunity to

obtain the information by discovery from the AO;"  and the

requests are "unduly burdensome and unreasonably cumulative or

duplicative." [Doc. #143, Ex. E, ¶¶3, 4, 5 (general objections

Nos. 3, 4, 5].

Request No. 63: Produce copies of any documents which identify the relationship between the AO, the TK, the MFTK, the ADI and Synthes between 1995 to present.

Synthes RESPONSE: See general objection 4. In addition, documents dated <u>after</u> the sale of the plate at issue are not relevant to any party's claim or defense. Rule 26(b)(1). (emphasis added).

Request No. 64: Produce copies of any documents which identify the procedures and/or processes to be followed by Synthes to receive AO and/or TK and/or MFTK approval of the 449 series LRP as of 1995-1996.

Synthes RESPONSE: See general objections 4 and 5.

The Court finds the requests are reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). The Court declines to rule on relevance or a question of law going to admissibility of documents at trial in the absence of any briefing by defense counsel.  Defendant will produce documents responsive to Request Nos. 63 and 64. If there are no documents responsive to a request, defendant will state that in writing and under oath. If documents responsive to a request have already been produced, defendant will provide the Bates Stamp number(s). Defendant will produce the documents and/or written responses within twenty-one days.  The parties may seek leave of the Court to file a motion in limine on the issue of whether "documents dated <u>after</u> the sale of the plate at issue are not relevant to any party's claim or defense."  The parties will request leave to file the motion from Judge

Melancon.

## Requests for Production Nos. 1-4; 6-7; 9-12, 14-15; 17--31; 34-35; 37-38; 41; 53-54; and 57

Defendant objects to RFPs Nos. 1-4; 6-7; 9-12; 14-15; 17-31; 34-35; 37-38, 41; 53-54 and 57 as "unduly burdensome and unreasonably cumulative or duplicative" under Fed. R. Civ. P. 26(b)(2)(C)(i), (iii). Synthes further objects that it produced "the DHF as kept in the usual course of business, and cannot be required to also organize and label the same documents to correspond to categories in plaintiff's individual production requests," citing Fed. R. Civ. P. 34(b)(2)(e)(i). [Doc. #147, Ex. E, ¶4 (general objection No. 4)]. The Court finds the requests are reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

If there are no documents responsive to a request, defendant will state that in writing and under oath. If documents responsive to a request have already been produced, defendant will provide the Bates Stamp number(s). For example, defendant may provide the Bates Stamp numbers for the DHF and is not required to "also organize and label the same documents to correspond to categories in plaintiff's individual production requests." Defendant will produce the documents and/or written responses within twenty-one days.

## Requests for Production Nos. 13, 44, 48-50, 52, 55, 58, 64, 66 and 67-69

Defendant objects to RFPs Nos. 13, 44, 48-50, 52, 55, 58, 64, 66, and 67-69, stating that "plaintiff had ample opportunity to request such documents before expert reports were issued and expert depositions were taken, and chose not to do so." [Doc. #147, Ex. E, ¶5 (general objection No. 5)].

The Court finds the requests are reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

If there are no documents responsive to a request, defendant will state that in writing and under oath. If documents responsive to a request have already been produced, defendant will provide the Bates Stamp number(s). Defendant will produce the documents and/or written responses within twenty-one days.

## Request for Production No. 5

Request No. 5: Produce a copy of any deposition transcript of Mark Michels in which the subject matter of his testimony was the 449 series family of locking reconstruction plates as referred to in Mark Michels' deposition at pages 73-75.

Synthes RESPONSE: See general objection 1. In addition, the information requested is not <u>relevant</u> to any party's claim or defense, as the witness has not given any deposition testimony relating to the product at issue in this action. Rule 26(b)(1) (emphasis added).

32

The Court finds the request is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).  Defendant's relevance objection to RFP No. 5 is **OVERRULED.**

If there are no documents responsive to a request, defendant will state that in writing and under oath. If documents responsive to a request have already been produced, defendant will provide the Bates Stamp number(s). Defendant will produce the documents and/or written responses within twenty-one days.

## Request for Production No. 9

Request No. 9: Produce documents maintained by Synthes of the fracture failure rates of the 510k predicate device of this locking reconstruction plate referred to in Mark Michels' deposition at page 108. If already produced, please identify the Bates Stamp number and title of the document(s) that is responsive to this request.

Synthes RESPONSE: See general objection 1 and 4. In addition, the information requested is not relevant to any party's claim or defense, as it does not relate to the product that is the subject of this action. Rule 26(b)(1)(emphasis added).

The Court finds the request is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).  Defendant's relevance objection to RFP No. 9 is **OVERRULED.**

If there are no documents responsive to a request, defendant will state that in writing and under oath. If

documents responsive to a request have already been produced,
defendant will provide the Bates Stamp number(s). Defendant will
produce the documents and/or written responses within twenty-one
days.

## Request for Production No. 39

Request No. 39: Produce all documents, including product
complaint files, which discuss post-operative fracture or
breakage of the stainless steel mandibular reconstruction plate
which was the predicate device of the 449 series LRP 510k.

Synthes RESPONSE: The information requested is not <u>relevant</u> to
any party's claim or defense, and it does not relate to the
product that is the subject of this action.  Rule 26(b)(1).
(emphasis added).

The Court finds the request is reasonably calculated to
lead to the discovery of admissible evidence. Fed. R. Civ. P.
26(b)(1).  Defendant's relevance objection to RFP No. 39 is
**OVERRULED**.

If there are no documents responsive to a request,
defendant will state that in writing and under oath. If
documents responsive to a request have already been produced,
defendant will provide the Bates Stamp number(s). Defendant will
produce the documents and/or written responses within twenty-one
days.

## Request for Production No. 45

Request No. 45: Produce copies of the prior deposition
transcripts of James McCracken while he was an employee at

34

Synthes as referred to in the deposition of James McCracken at page 18.

Synthes RESPONSE: See general objection 2. In addition, the information requested is not <u>relevant</u> to any party's claim or defense, as the witness has not given any deposition testimony relating to the product that is the subject of this action. Rule 26(b)(1) (emphasis added).

The Court finds the request is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Defendant's relevance objection to RFP No. 45 is **OVERRULED.**

If there are no documents responsive to a request, defendant will state that in writing and under oath. If documents responsive to a request have already been produced, defendant will provide the Bates Stamp number(s). Defendant will produce the documents and/or written responses within twenty-one days.

## Request for Production No. 46

Request No. 46: Produce the written report of findings from outside regulatory compliance reviews of Synthes for the time periods 1995-2006 as referred to in the deposition of James McCracken.

Synthes RESPONSE: See general objection 2. In addition, the information requested is not <u>relevant</u> to any party's claim or defense, it does not relate to the product that is subject of this action. Rule 26(b)(1). (emphasis added).

The Court finds the request is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Defendant's relevance objection to RFP No. 46 is

**OVERRULED.**

If there are no documents responsive to a request, defendant will state that in writing and under oath. If documents responsive to a request have already been produced, defendant will provide the Bates Stamp number(s). Defendant will produce the documents and/or written responses within twenty-one days.

## Request for Production No. 48

Request No. 48: Produce a copy of the Table of Contents for the Work Instructions Manual and the Training Guide for the period 1995-2006 as referred to in the deposition of James McCracken at page 95, lines 18:25 – page 96:1-10.

Synthes RESPONSE: See general objections 2 and 3. In addition, the information is not relevant to any party's claim or defense, as the product at issue was not the subject of corrective action. Rule 26(b)(1). (emphasis added).

The Court finds the request is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).  Defendant's relevance objection to RFP No. 48 is

**OVERRULED.**

If there are no documents responsive to a request, defendant will state that in writing and under oath. If documents responsive to a request have already been produced, defendant will provide the Bates Stamp number(s). Defendant will produce the documents and/or written responses within twenty-one days.

## Request for Production No. 59

Request No. 59: Produce the design history file for the 449 series non-locking mandibular reconstruction plate as referenced in the deposition of James Hearn at page 23.

Synthes RESPONSE: The information requested is not <u>relevant</u> to any party's claim or defense, and it does not relate to the product that is the subject of this action.  Rule 26(b)(1). (emphasis added).

The Court finds the request is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).  Defendant's relevance objection to RFP No. 59 is **OVERRULED**.

If there are no documents responsive to a request, defendant will state that in writing and under oath. If documents responsive to a request have already been produced, defendant will provide the Bates Stamp number(s). Defendant will produce the documents and/or written responses within twenty-one days.

## Request for Production No. 60

Request No. 60: Produce a copy of the deposition transcript of James Hearn as referenced in pages 49-50 of his deposition involving the fracture of a Synthes mandibular plate.

Synthes RESPONSE: The information requested is not <u>relevant</u> to any party's claim or defense, as the witness has not given any deposition testimony relating to the product that is the subject of this action.  Rule 26(b)(1). (emphasis added).

The Court finds the request is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P.

26(b)(1).  Defendant's relevance objection to RFP No. 60 is
**OVERRULED.**

If there are no documents responsive to a request,
defendant will state that in writing and under oath. If
documents responsive to a request have already been produced,
defendant will provide the Bates Stamp number(s). Defendant will
produce the documents and/or written responses within twenty-one
days.

## Request for Production No. 61

Request No. 61: Produce the Technique Guide for the 449 series
LRP with Condylar Head (catalogue #449.648)

Synthes RESPONSE: The information requested is not relevant to
any party's claim or defense, and it does not relate to the
product that is the subject of this action.  Rule 26(b)(1).
(emphasis added).  In addition, this request is duplicative of
plaintiff's first document production request (October 4, 2016),
no. 24.

The Court finds the request is reasonably calculated to
lead to the discovery of admissible evidence. Fed. R. Civ. P.
26(b)(1).  Defendant's relevance and duplication objections to
RFP No. 61 are **OVERRULED.**

If there are no documents responsive to a request,
defendant will state that in writing and under oath. If
documents responsive to a request have already been produced,
defendant will provide the Bates Stamp number(s). Defendant will
produce the documents and/or written responses within twenty-one

days.


## Request for Production No. 65

Request No. 65: Produce copies of any documents which identify the job description and complete scope of responsibilities of Michael Huggins and Richard Bohner and Synthes, Inc.; Synthes USA, Synthes CMF and Synthes Spine from 1996-2006.

Synthes RESPONSE: The Court ruled that the information requested is not discoverable. See Doc. #110 at 9-10.

Defendant's objection to RFP No. 65 is **SUSTAINED** for the reasons stated in the Court's ruling dated April 29, 2013. [Doc. #110 9-10].


## Sixth Request for Production dated October 2, 2013, and Written Discovery dated October 24, 2013

Plaintiff seeks leave to serve a single production request dated October 2, 2013, for the Matrix Mandibular Plate DHF.

Plaintiff seeks leave to serve an additional four RFP, five interrogatories and six requests for admission dated October 24, 2013, "arising out of counsel's review of the recently produced Matrix survey results." [doc. #147 at 51]. Defendant served its objections on November 22, 2013. [Doc. #147 at Ex. G-3].

Defendant argues that plaintiff has made no showing of good cause because the "written discovery at issue was served nearly 18 months after the discovery deadline and six and one-half months after production" of the Matrix survey documents produced on May 8, 2013. [Doc. #160 at 7-88; #147 at Ex. G-3 (emphasis

added)]. "Finally, the information requested is not relevant to any party's claim or defense, as the area of plate failure identified in the document at issue is different than the area of plate failure in this case." [Doc. #147 at Ex. G-3]. Specifically, defendant argues that the "document refers to the LRP breaking at the anterior mandible, but working well in the ramus region. Plaintiff's plate did not break in the anterior mandible, and plaintiff's theory of the case, . . . is that the LRP was not sufficiently thick at the angle [beginning of ramus] of the human jaw." [Doc. #160 at 8].

The question is whether plaintiff has established "good cause" for service of these October 2 and 24, 2013, requests. On this record, the Court finds that plaintiff has not carried her burden. Rather, she argues that the requests are

> reasonably calculated to lead to the discovery of
> admissible evidence in that there is <u>reasonable</u>
> <u>probability</u> that the same issue identified in the
> Matrix survey documents . . . would also be reflected
> in the Design History File for the Matrix plate. When
> a medical device manufacturer designs a new device it
> considers its experience with other similar devices
> (as well as considering other companies' experiences
> with such devices). It would therefore not be
> surprising to find reference to LRP breakages/failures
> in the requested discovery.

[Doc. #147 at 54]. At oral argument, the Court asked plaintiff if her earlier discovery requests were sufficiently broad to pick up documents that may be contained in the Matrix DHF, including any testing on the LRP or references to LRP breakage.

40

Plaintiff's counsel stated he asked for any testing involving the LRP, referring to it as, "incidental discovery." He stated that the Matrix DHF <u>may</u> contain five thousand to ten thousand documents and the file will <u>likely</u> contain LRP plate information and <u>may</u> also contain information that may go to impeachment.

Defendant states that plaintiff was aware of the existence of the Matrix DHF since Bryan Griffith's deposition on February 22, 2011, and served RFPs <u>after</u> the Griffith deposition and <u>before</u> the close of discovery addressing the survey results and questionnaire results for the LPR and the Matrix Technique Guide. <u>See</u> June 2011 RFP No. 4. Defendant argues that plaintiff could have requested the Matrix DHF before the close of discovery and did not until October 2013, and that plaintiff has not demonstrated good cause for requesting this information until October 2013. Defendant contends that plaintiff's requests, particularly the Matrix DHF, will take time to produce that will delay the progress of the case and impact the trial date of September 2, 2014. Synthes is also concerned that any production of discovery will trigger further requests for depositions, RFP and RFA.  If there were good cause for the discovery requests, they should have been made in a timely manner and not six months late.

It is also noted that defendant raises a legal question regarding admissibility of any evidence post-dating the sale of

the plate in April 2003, arguing it should be disallowed under the subsequent remedial measure doctrine. This legal argument was briefly raised in the Omnibus Discovery motion, although parties provided a number of additional citations during and after oral argument.

The Court need not reach the question of "subsequent remedial measure" as it finds that plaintiff has not demonstrated good cause why she did not serve these requests before the close of discovery, or after receiving the Matrix survey documents, and has not shown that her prior requests would not include "incidental" discovery of the very same documents. Accordingly, plaintiff's request for leave to file Requests for Production dated October 2, 2013, and written discovery dated October 24, 2013 is **DENIED.**

## CONCLUSION

Plaintiff's Motion to Determine Sufficiency of Synthes' Responses to Requests for Admissions **[Doc. #146]** is **GRANTED** in part and **DENIED** in part in accordance with this ruling.

Plaintiff's Motion to Compel Production **[Doc. #147]** is **GRANTED** in part and **DENIED** in part in accordance with this ruling.

Defendant's responses are due in twenty-one days.

Plaintiff's requests for sanctions are **DENIED.**

Any extensions of the deadlines set forth in this ruling must be sought in writing and filed as a motion for extension of time, for consideration by Judge Melancon.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 29th day of January 2014.


_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE